UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARVIN EDGARDO ORTIZ, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-04-16 |
| CORRECTIONS CORPORATION OF AMERICA and I GARZA and R MACIAS, | § | |
| Respondents | | |

**WRITTEN OPINION AND ORDER**

Pending before the Court is Plaintiff's Brief in Support of Plaintiff's Motion for Appointment of Counsel[1] (Docket No. 17); Plaintiff's Motion to Amend his Original Complaint (Docket No. 18); Defendant's Motion for Summary Judgment (Docket No. 19); and Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket No. 21). For the reasons enumerated below, Plaintiff's Motion to Amend his Original Complaint is hereby GRANTED and Plaintiff's Motion for Appointment of Counsel is hereby DENIED.

**I. Factual Background**

Plaintiff Marvin Edgardo Ortiz filed a civil rights complaint on February 2, 2004 pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at Corrections Corporation of America-

---

[1] Plaintiff filed his Brief in Support of Plaintiff's Motion for Appointment of Counsel but did not actually file the motion itself. Because the Plaintiff in this case is a pro-se prisoner and not a lawyer, this Court will construe his filings liberally. *Hogan v Midland County Commissioners Court*, 680 F.2d 1101, 1103 (5th Cir. 1982). Plaintiff's Brief in Support of His Motion will be considered as both his Memoranda of Authorities and Motion for Appointment of Counsel.

1

Webb County (hereinafter "C.C.A.") alleges that he had a verbal altercation with a prison guard who subsequently ordered a hit on him; he claims that six other inmates under orders attacked him and beat him up. He alleges that he suffered a crushed hand for which he did not receive medical attention until two weeks after the incident. He alleges that as a result of that altercation, he feared further retaliation by other inmates who perceived him as making trouble for the entire cellblock[2]. Plaintiff alleges that the guards are in charge of gang activity at C.C.A.- Webb County. Plaintiff is seeking actual and punitive damages.

## II. Analysis

While defendants in criminal actions have a constitutional right to be represented by an attorney, parties to a civil action do not have that right. *Ulmer v Chancellor*, 691 F.2d 209. In a civil action, a party who is unable to obtain counsel may apply for the appointment of counsel under 28 U.S.C.A §1915 (d). This statute allows a court to "request" an attorney to represent an indigent party. *McKeever v. Isreal*, 689 F.2d 1315 (7th Cir. 1982). Nevertheless, there is no automatic right to appointment of counsel in a civil rights case. 28 U.S.C.A §1915 (e), *Castro Romero v. Becken*, 256 F.3d 349 (5 th Cir. 2001).

The Fifth Circuit has held that even where the plaintiff- appellant had been allowed to proceed in forma pauperis, the appellant was not entitled to counsel as a matter of right since the district court is not required to appoint counsel unless a case

---

[2]The Court held a hearing on February 9, 2004 and construing all Plaintiffs allegations as true ordered the Marshals to immediately place the Plaintiff in another facility. Plaintiff is now serving his sentence at the Federal Correctional Institution, Karnes B. Plaintiff also filed a Motion to Proceed in Forma Pauperis, which was granted.

presents "exceptional circumstances". The existence of "exceptional circumstances" turns on the type and complexity of the case as well as the abilities of the individual bringing it. *Jackson v Dallas Police Dept.,* 811 F.2d 260, *See also Ulmer*, 691 F.2d at 209.

Plaintiff is making a simple personal injury claim against the Defendants in this lawsuit. He is alleging that he was beaten up under the orders of certain named prison guards. Plaintiff will be able to testify as to what happened on the day he was attacked and what lead him to conclude that the prison guards ordered a hit on him. Additionally in his Motion to Amend his Complaint, Plaintiff states that he now has access to law books, typewriters, reference materials and a "jailhouse attorney" who is assisting him in his lawsuit. Plaintiff has also requested and the Court in a separate order has granted Plaintiff's Discovery Motion. (See Discovery Order). Because of the type of case involved here and because this Court believes that the subject matter of this lawsuit is far from complex, the Court finds that no exceptional circumstances warranting appointment of counsel[3].

Additionally, even before Plaintiff had the assistance of an experienced "writ writer", Plaintiff was able to effectively articulate to this Court his grievance with the prison guards, the incident that is the subject matter of this lawsuit and the harm that resulted to his person due to the incident in question. He was able to effectively articulate his fear of retaliation, which precipitated his transfer to another prison facility and was able to clearly articulate to this Court the redress he was seeking as a result of his injury.

---

[3] Plaintiff is of course free to secure private counsel in this matter. Since Plaintiff is seeking actual and punitive damages, he may be able to secure a private attorney willing to take his case on a contingency basis. If Plaintiff represents himself however, he must respond to all motions and pleadings filed by Defendants within 30 days. This Court will accord Plaintiff the same notices and rights as other litigants. Because he is pro-se and a prisoner, if his appearance and that of witnesses are necessary to enable him to assert his interest and protect his rights, an appropriate order for him to appear by writ of habeas corpus ad testificandum will be issued upon Plaintiff's request.

Now, with access to law books, reference materials and a "jailhouse lawyer", Plaintiff has effectively filed a Response to Defendant's Summary Judgment Motion and a Motion for Discovery. Plaintiff has even requested that Defendants produce or make available any and all documents associated with the incident that is the subject matter of this lawsuit as well as documents that Defendants will use to defend this lawsuit. Although the Court is unaware of Plaintiff's educational background, the Court finds that he is quite capable of communicating and protecting his interests and the Court further finds that no "exceptional circumstance" exist at this point that would warrant appointment of counsel.

### III. Motion to Amend Original Complaint

Plaintiff seeks to amend his original complaint pursuant to FED. R. CIV. PRO. 15 (A). Plaintiff presently seeks to clarify and correct flaws in his original complaint. Plaintiff argues that because he now has access to legal and reference materials as well as an experienced "writ writer" he is more able to articulate his legal arguments and needs to clarify and correct insufficiently stated claims contained in his original complaint. In the interest of justice, courts at any point in the litigation generally allow parties to correct and clarify any flaws or defects in their pleadings. *Auster Oil & Gas Inc. V. Stream*, 764 F.2d 381, 386(5th Cir. 1985). This Court hereby GRANTS Plaintiff's Motion to Amend his Complaint. Plaintiff has 30 days from the date of this order to amend. Defendant's Motion for Summary Judgment and Plaintiff's response are moot.

## IV. Conclusion

Because this case is not a complex one and because Plaintiff has demonstrated that he can effectively communicate and protect his interests, this Court DENIES Plaintiff's Motion for Appointment of Counsel.

IT IS SO ORDERED

Done this 26th Day of May in Laredo, Texas.

_____
MICAELA ALVAREZ
UNITED STATES DISTRICT JUDGE

**To insure proper notice, each party who receives this order shall forward copy of it to the every other party and affected non- party even though they may have been sent one by the court.**