UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARVIN EDGARDO ORTIZ, | § | |
| | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | |
| | § | |
| CORRECTION CORPORATION | § | CIVIL ACTION NO. L-04-CV-16 |
| OF AMERICA, CORRECTION | § | |
| OFFICER VELMA GARZA and | § | |
| CORRECTION OFFICER | § | |
| ROGELIO MACIAS | § | |
| | § | |
| Defendants | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Summary Judgment [Doc. No. 42]; Defendants' Response to Plaintiff's Motion for Summary Judgment and Motion to Strike Plaintiff's Summary Judgment Evidence [Doc. No. 49]; Defendants' Second Motion for Summary Judgment [Doc. No 50]; and Plaintiff's Response to Defendants' Summary Judgment [Doc. No. 51]. Upon due consideration of legal authorities and the pleadings, Defendants' Motion for Summary Judgment is hereby GRANTED and Plaintiff's Motion for Summary Judgment is DENIED as Moot.

**I.   Procedural Background**

On January 28, 2004, Plaintiff Marvin Edgardo Ortiz, filed a civil rights lawsuit pro se against Correction Corporation of America (hereinafter "CCA"), Correction Officer Velma Garza (hereinafter "C/O Garza") and Correction Officer Rogelio Macias (hereinafter "C/O

Macias"). [1]  Plaintiff filed an application to proceed *in forma pauperis* which was granted by this Court. Subsequently, Plaintiff filed a Motion to Amend his Complaint on April 7, 2005. Defendants on April 29, 2005 filed a Motion for Summary Judgment which was rendered moot by the Court's granting of Plaintiff's Motion to Amend. (Court's Written Order & Opinion, Doc. No. 22).  Plaintiff's Amended Complaint included a civil rights claim pursuant to 42 U.S.C. § 1983 and a *Bivens* claim pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Since, both parties have filed summary judgment motions.  In Plaintiff's Response to Defendants' Second Motion for Summary Judgment, Plaintiff abandoned his *Biven's* Claim against CCA. Instead Plaintiff asserts that he is suing Warden Mario Garcia as well as the previously named Correction Officers Macias and Garza in their individual capacities.  Plaintiff also abandoned his request for injunctive and declaratory relief.

## II.     Plaintiff's Claims

Plaintiff claims that on January 3, 2004, he failed to exit his cell for the scheduled recreation period and consequently he was locked in. (Pl.'s Am. Compl. 2).  Plaintiff claims that he used the intercom system in his cell to request his release, and C/O Garza became aggravated because he used the intercom. According to Plaintiff, C/O Garza "escorted [him] to C/O Macias with the intentions (sic) of having me injured" and told C/O Macias about her frustration with Plaintiff's behavior. (Pl.'s Am. Compl. 2). Plaintiff alleges that C/O Macias threatened a group of inmates within Plaintiff's tank and told them that "if they can't keep their tank in check, she will make it hard on everybody." (Pl.'s Am. Compl. 3).  Plaintiff claims that afterwards, a group of inmates confronted him and proceeded to attack him. [(Pl.'s Am. Compl. 3).  Plaintiff further

---

[1] A pro se prisoner complaint is governed by less stringent standards than formal pleadings drafted by lawyers. *Hogan v. Midland County Comm'r Court*, 680 F.2d 1101, 1103 (5th Cir. 1982).

asserts that while C/O Macias attempted to stop the fight, she stepped on and injured his hand. (Pl's Am. Compl. 3). Plaintiff contends that C/O Garza and C/O Macias violated his rights when they instigated an altercation between Plaintiff and the other inmates. (Pl's Am. Compl. 2). Plaintiff alleges that his hand was injured and despite his injuries, he was placed in handcuffs and did not receive immediate and adequate medical attention until 13 days later. (Pl's Am. Compl. 4). Plaintiff seeks compensation in the form of punitive, compensatory and exemplary damages from the Defendants.

### III. Discussion

#### 1. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The initial burden, borne by the moving party, requires a showing to the Court of the basis for the motion, as well as an identification of the portions of the record "which [the moving party] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654 (1962)).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts."

*Matsushita,* 475 U.S. at 586.  If an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which they will bear the burden of proof at trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-323.

However, as Rule 56 "does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment," *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996), when evidence "exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).  Therefore, to satisfy the requirement of *Celotex* that nonmovants "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)), the party opposing the motion for summary judgment must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence supported their claim." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)(citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).

### 2. Defendants' Motion for Summary Judgment

Defendants contend that their summary judgment motion must be granted because Plaintiff's claims against CCA are precluded as a matter of law; Plaintiff failed to comply with the Exhaustion Requirements of the Prison Litigation Reform Act (hereinafter "PLRA"); Plaintiff cannot demonstrate that Defendants' acted with deliberate indifference to his medical needs; and Plaintiff cannot succeed on his retaliation and failure to protect claim against the named officers. Pursuant to the PLRA, 42 U.S.C. § 1997e(a), if Plaintiff failed to exhaust his administrative

remedies, Plaintiff is not properly before this Court. Therefore, this Court will consider that claim first.

### A. Failure to Exhaust Administrative Remedies

42 U.S.C. § 1997e(a) in relevant part states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." The Supreme Court has held that § 1997e(a) makes exhaustion "mandatory" for all "inmate suits about prison life." *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002). The PLRA exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . ." *Porter*, 534 U.S at 532; *Clifford v. Gibbs,* 298 F.3d 328, 330 (5th Cir. 2002 (discussing *Porter*). Inmates must exhaust administrative remedies "irrespective of the forms of relief sought and offered through administrative sources. *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001).

The Fifth Circuit construes the PLRA's exhaustion requirement strictly. *See Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001)(Court found that inmate did not exhaust his administrative remedy and could not pursue a federal lawsuit even though the inmate had filed a step one grievance because the inmate did not pursue the grievance remedy to its conclusion); *see also Richardson v. Spurlock,* 260 F.3d 495 499 (5th Cir. 2001)( affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"). Despite this strict construction of the exhaustion requirement, it " 'may be subject to certain defenses such as waiver, estoppel, or

equitable tolling.' " *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003) (quoting *Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir. 1998).[2]

Regardless of whether exhaustion of available remedies is a pleading requirement or an affirmative defense, Plaintiff in his Complaint and his Response to Defendants' Summary Judgment Motion claims that he "filed a grievance against the misconduct of defendants." (Pl's Resp. Defs' Summ. J. Mot. 4). Plaintiff also claims that, he "sent a grievance to a higher official by the name of Mr. Rodriguez who spoke to [P]laintiff about his [C]omplaint and promised to look into it." (*Id.*)   However, Defendants' pending motion asserts that Plaintiff did not exhaust his administrative remedies and presents this Court with evidence to that effect.

The inmate Grievance Procedure is set out in the CCA/ Webb County Detention Center Inmate Orientation Handbook which was given to Plaintiff when he entered the facility.[3] Plaintiff does not dispute this fact. Defendants assert that Plaintiff never submitted a grievance and never followed the outlined grievance process. Defendants submitted as evidence the affidavit of one Jose Aguilera, CCA' s Quality Assurance Officer, who under oath testifies that CCA in its regular course of business logs all inmate grievances into a log book and assigns them consecutive numbers when they are received. Mr. Aguilera states that he has reviewed the

---

[2] There is a threshold issue regarding whether exhaustion of administrative remedies is a pleading requirement or an affirmative defense. Defendants cite to *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) and *Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) for the proposition that exhaustion is a pleading requirement. Those cases are from the Tenth and Sixth Circuits. This Court's research has not uncovered any Fifth Circuit case holding that exhaustion is a pleading requirement. This Court's research uncovered case law from the First Circuit; *Casanova v. Dubois,* 304 F.3d 75, 77 n. 3 (1st Cir. 2002) ( Casanova II ); the Third Circuit; *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002);  the Eight Circuit ; *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001); the D.C. Circuit *Jackson v. District of Columbia*, 254 F.3d 262, 267 (D.C.Cir .2001) (by implication); and the Second Circuit;  J*enkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999) who have all held that exhaustion is an affirmative defense.

[3] The Grievance Procedure is a two step process. The Handbook requires inmates to obtain a grievance form from the staff member assigned to his housing area and file a grievance within seven days of the alleged incident and place it in the box located in each housing unit. Within fifteen days of the receipt of the grievance, the grievance officer or his designee will conduct an investigation and provide a written response. The time periods can be extended if a more in- depth investigation is required. If an inmate is dissatisfied with the response he receives he can file an appeal within five days which will be responded to within 15 days of receipt.( Defendants' Motion for Summary Judgment Ex. 1A)

current log book which dates back to November 22, 1999 and there is no evidence of any grievance having been filed by offender Ortiz. (Defs' Summ. J. Mot. Ex. 5).[4] Additionally, the Court notes that Plaintiff's Complaint, which has since been amended with this Court's permission, states that Plaintiff had filed a grievance and was "[p]ending dicision (sic)."

Plaintiff failed to provide this Court with any evidence that contradicts Defendants summary judgment evidence. Plaintiff merely states in his response that he filed a grievance and does not provide this Court with any details of when he filed this grievance, which of the assigned staff in the housing unit he obtained the grievance form from, or any documentary evidence or details that indicate that indeed a grievance was filed. Plaintiff's bald assertions cannot overcome Defendants' competent summary judgment evidence from the record holder of the grievances. Additionally, Plaintiff's own admission in his initial complaint that he had not completely exhausted his administrative remedy- since he was waiting for a decision - leads this Court to find that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.[5]

---

[4] The Court notes that Plaintiff in his motion for Summary Judgment [Doc. No. 44, Ex. 10], included as an exhibit a copy of an undated letter addressed to a Mr. Chief Rodriguez which outlined the facts surrounding the incident that is the subject matter of this lawsuit. This letter is undated and is not written on the specified grievance form or identified as a grievance.

[5] Failure to exhaust remedies does not deprive this Court of its subject matter jurisdiction. *Wright v. Hollingsworth,* 260 F.3d 357, 358 n. 2 (5th Cir.2001); *Massey v. Helman,* 196 F.3d 727, 732 (7th Cir.1999); *Nyhuis v. Reno,* 204 F.3d 65, 69 n. 4 (3d Cir.2000); *Curry v. Scott,* 249 F.3d 493, 501 n. 2 (6th Cir.2001) . Failure to exhaust affects the timing of federal court decision making. *McCarthy v. Madigan*, 503 U.S. 140, 144(1992). Plaintiff's failure dictates that this Court defer issuing a ruling on the merits until Plaintiff complies with the requirement of the PRLA.

- 8 -

**IV.     Conclusion**

Since Plaintiff failed to exhaust his administrative remedies, this Court will not consider the merits of Defendants' other arguments and GRANTS Defendants' Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment and Defendants' Motion to Strike are hereby DISMISSED AS MOOT. Plaintiff's lawsuit is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Done this 25th day of August, 2006, in Laredo, TX.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**To insure proper notice, each party who receives this order shall forward a copy of it to every other party and affected non-party even though they may have been sent one by the court.**